NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000719
23-DEC-2015
08:44 AM

NO. CAAP-14-0000719

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAILASA ISHAYA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTI-13-154426)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Kailasa Ishaya (Ishaya), pro se, appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment), entered on February 20, 2014, in the District Court of the First Circuit, Honolulu Division (district court).[1] After a trial *de novo*, the district court found Ishaya committed one count of disregarding longitudinal traffic lane markings, in violation of Hawaii Revised Statutes (HRS) § 291C-38(c)(6) (2007).[2]

On appeal, Ishaya appears to argue that the district court erred in finding he committed the offense where (1) the Notice of Traffic Infraction(s) (Citation) was fatally defective

---

[1] The Honorable Phillip Doi presided.

[2] HRS § 291C-38(c)(6) provides: "A solid yellow line is used to indicate the left edge of a traffic lane where overtaking and passing on the left is prohibited. The crossing of a solid yellow line by vehicular traffic is prohibited except when the crossing is part of a left turn movement."

for failing to charge him with the correct statute and the district court erred in permitting Plaintiff-Appellee State of Hawai'i (State) to orally amend the Citation prior to trial *de novo*, and (2) the court misconstrued the term "obstruction" as used in HRS § 291C-41 (2007).[3]  The State concedes point (1) and asks that we vacate the Judgment and remand the case for dismissal of the Citation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ishaya's points of error as follows.

Notwithstanding the State's concession on Ishaya's first point of error, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)).

Based on our review of the record, we agree with the State's concession of error. We conclude that the Citation was defective, that the district court erred by permitting the State to orally amend the Citation prior to trial *de novo*, that the issue is preserved and Ishaya was prejudiced. See Hawai'i Civil Traffic Rules Rule 10 ("The notice of infraction may not be amended by the court or the clerk. A notice of infraction that does not allege a valid infraction shall be dismissed."); Hawai'i Rules of Penal Procedure Rule 7(f)(1) (precluding amendment if the substantial rights of the defendant would be prejudiced).

Moreover, we note that notwithstanding the State's attempt to amend the Citation, the district court's Judgment

---

[3]  Ishaya fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) in a variety of ways.  However, "this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible."  Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation and quotation marks omitted).  Thus, we will address Ishaya's points of error to the extent discernible and preserved in the record.

2

references the original, incorrect statute -- HRS § 291C-38(c)(6). This adds further confusion in the record and underscores the prejudice to Ishaya.

Because we vacate based on Ishaya's first point of error, we need not reach his second.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on February 20, 2014, in the District Court of the First Circuit, Honolulu Division, is vacated. This case is remanded to the district court with instructions to dismiss the Citation without prejudice.

DATED: Honolulu, Hawai'i, December 23, 2015.


On the briefs:

Kailasa Ishaya,
Defendant-Appellant, pro se

Loren J. Thomas,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3